# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

132540 & (82)(83)(87)

BERO MOTORS, INC.,
    Plaintiff-Appellee,

v

GENERAL MOTORS CORPORATION,
    Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132540
COA: 257675
Delta CC: 98-014256-CK

On order of the Court, the motion to file brief amicus curiae and miscellaneous motions are GRANTED. The application for leave to appeal the August 10, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., dissents and states as follows:

I dissent from the order denying leave to appeal. I would grant leave to appeal to address whether plaintiff's theories of breach of oral contract and promissory estoppel were properly questions for the jury on this record.

The parties entered into a dealer's sales and service agreement allowing plaintiff, Bero Motors, Inc. (Bero), to sell Pontiac and Buick cars and General Motors (GM) parts at Bero's dealership. Bero wanted to also sell GMC trucks, but another dealership, Town and Country Motors, had the franchise to sell GMC trucks in that area. After the Town and Country Motors dealership was offered for sale, two GM employees allegedly made an oral promise that Bero would have the opportunity to match any offer other potential buyers made for Town and Country Motors. After GM approved a sale between Town and Country Motors and a third party without giving Bero the opportunity to exercise the right of first refusal, Bero sued defendant GM, alleging four theories of relief: breach of oral contract, promissory estoppel, negligence, and breach of fiduciary duty. The trial court granted GM's motion for summary disposition on all four counts. In a split decision, the Court of Appeals, in an unpublished opinion per curiam, Sawyer, P.J., and Smolenski, J. (Whitbeck, J., concurring in part and dissenting in part), issued October 2,

2001 (Docket No. 224190), affirmed the dismissal of the negligence and breach of fiduciary duty counts, but reversed on the breach of oral contract and promissory estoppel counts. This Court denied leave to appeal on an interlocutory basis. 467 Mich 868 (2002). I dissented from the order because I would have granted leave to appeal at that time. At the trial after remand, the trial court instructed the jury that the oral promises could support a jury verdict, as the first Court of Appeals opinion essentially directed. The jury entered a verdict of over $3 million for Bero on the breach of oral contract count.[1] The Court of Appeals affirmed. Unpublished opinion per curiam, Murphy, P.J., and White and Meter, JJ., issued August 10, 2006 (Docket No. 257675).

The issue that the jury considered is before us on final review. The problem persists from the first appeal. The breach of oral contract and promissory estoppel theories are not properly jury questions. The written contract between Bero and GM includes the following provision, entitled "Sole Agreement of the Parties":

> No agreement between Division [GM] and Dealer [Bero] which relates to matters covered herein, and no change in, addition to (except for the filling in of blank lines) or erasure of any printed portion of this Agreement, will be binding unless permitted under the terms of this Agreement or related documents, or *approved in a written agreement* executed as set forth in Division's Dealer Sales and Service Agreement. [Emphasis added.]

The agreement further states that all related agreements are valid only if signed on behalf of GM by its general sales and service manager or his authorized representative. An agreement regarding Bero's right of first refusal to purchase another dealership appears to be a matter covered in the written contract that must be reduced to writing and signed by a GM-authorized representative. The written contract is comprehensive in nature and expressly provides that it "states the terms under which Dealer and Division agree to do business together" and "states the responsibilities of Dealer and Division to each other . . . ." The contract governed all aspects of the Bero dealership from its formation to its sale. For example, the contract provides, "No change in location or in the use of Premises, including addition of any other vehicle lines, will be made without Division's prior written authorization." This provision gave GM significant authority over decisions concerning the Bero dealership. Under this provision, for example, the Bero dealership was prohibited from selling GMC trucks without GM's prior written authorization. Additionally, the written contract contained a section entitled "Right of First Refusal to Purchase—Creation and Coverage," which gave GM the right of first refusal to purchase the Bero dealership if it were to be offered for sale. It appears that this written contract was meant to govern all aspects of the Bero dealership and its

---

[1] The jury did not decide the promissory estoppel claim because it found that GM breached the oral contract.

dealings with GM, including an agreement regarding Bero's purchase of another dealership. Thus, an agreement regarding Bero's right of first refusal to purchase another dealership appears to be a matter covered in the written contract that must be reduced to a writing and signed by a GM-authorized representative. No record evidence establishes that a GM-authorized representative agreed to waive the writing requirement for the modifications to the written contract.[2]

We have issued some significant opinions regarding written/oral contracts and promissory estoppel since 2002. For example, in *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 373 (2003), this Court held that a party who seeks to prove that a written agreement prohibiting oral modifications was orally modified must prove by clear and convincing evidence "that the parties mutually intended to modify the particular original contract, including its restrictive amendment clauses such as written modification or anti-waiver clauses." (Emphasis deleted.) With such decisions to guide us, I would grant leave to appeal to consider this case.

MARKMAN, J., joins the statement of CORRIGAN, J.

---

[2] Neither of the GM employees who allegedly made the oral promise to Bero regarding a right of first refusal, Jim Dalbec and Dick Loughman, was a general sales and service manager or his authorized representative.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

Clerk

s0129